# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

OLGA TODOROVIC,

    Plaintiff,

v.                                                          Case No: 5:17-cv-157-Oc-30PRL

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Count II (Doc. 7), Plaintiff's Response and Motion for Leave to Amend (Doc. 9), and Defendant's Response to the Motion for Leave to Amend (Doc. 14). Having considered the filings and the relevant law, the Court concludes Defendant's Motion should be granted and Plaintiff's Motion should be denied.

## DISCUSSION

Plaintiff alleges in the Complaint that she was the beneficiary of a life insurance policy issued by Defendant. Plaintiff alleges Defendant wrongfully withheld the proceeds of the life insurance policy and sued for breach of contract (Count I), and for violation of section 624.155, Florida Statutes—an insurance bad faith claim (Count II). With regard to the bad faith count, Plaintiff alleges Defendant failed to settle the claim and act fairly toward Plaintiff. (Doc. 11, ¶22).

Defendant moved to dismiss the bad faith count as premature. In her response, Plaintiff says that she "does not oppose the Defendant's motion to dismiss…." (Doc. 9, ¶1). Because Defendant's Motion is unopposed, the Court concludes the bad faith count should be dismissed as premature.

Although Plaintiff concedes that the bad faith count is premature, she seeks leave "to amend the complaint to add a count for breach of implied covenant of good faith and fair dealing." (Doc. 9, ¶1). Defendant opposes the amendment arguing that no such cause of action exists under Florida law. (Doc. 14, ¶7).

The Court agrees with Defendant. The Florida Supreme Court has explicitly held that first-party claims for breach of the implied covenant of good faith and fair dealing against an insurer must be brought under section 624.155, Florida Statutes. *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 549 (Fla. 2012); *see also Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 496 Fed. Appx. 960 (11th Cir. 2012). This was recognized in the life insurance context even before the Florida Supreme Court's decision in *Chalfonte*. *Florida Indus. Mach., Inc. v. Executive Life Ins. Co.*, 560 So. 2d 413, 416 (Fla. 1st DCA 1990) (explaining "that if the basis of the alleged breach is a failure or refusal to settle in good faith, the cause of action is statutory."). For these reasons, the Court concludes Plaintiff's proposed amendment would be futile because she cannot state a claim for breach of the covenant of good faith and fair dealing.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count II (Doc. 7) is GRANTED.

2. Count II of the Complaint is DISMISSED without prejudice.

3. Plaintiff's Motion for Leave to Amend (Doc. 9) is DENIED.

4. Defendant has fourteen (14) days from the date of this Order to respond to the remainder of the Complaint (Doc. 11).

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of May, 2017.

                                                                          _____
                                                                          JAMES S. MOODY, JR.
                                                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record